IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

06-20683

CIV-SEITZ

KARIN MODELS, S.A.R.L.,
a Societa a Responsabilita Limitata,

    Petitioner

v.

JEAN LUC BRUNEL,
an individual,

    Respondent.

Case No:

Original Action Pending in the U.S. Trademark
and Appeal Board
Case No: 92044040

McALILEY

_____/

**RESPONDENT'S MOTION TO QUASH SUBPOENAS ISSUED BY COUNSEL TO PETITIONER WITH INCORPORATED MEMORANDUM OF LAW**

Respondent, JEAN LUC BRUNEL, by and through his undersigned counsel, hereby files his Motion to Quash Subpoenas with Incorporated Memorandum of Law and says:

1. This is an action to cancel a registration of a trademark owned by Respondent JEAN LUC BRUNEL pending before the U.S. Trademark and Appeal Board. On February 28, 2006, Petitioner's counsel issued one and possibly more subpoenas as an officer of the Court of the United States District Court of the Southern District of Florida. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, motions to quash the subpoenas must be brought before the Court from which the subpoena was issued.

2. Petitioner's counsel issued a subpoena and caused the same to be served on Timothy Crutchfield, Esq. as prior counsel to Mr. Brunel to produce documents at the office of Petitioner's counsel on March 7, 2006. The subpoena was served on Mr. Crutchfield on March 6, 2006. A copy of said subpoena is attached hereto as *Exhibit A*.

3. Upon receipt of the subpoena, Mr. Crutchfield contacted JEAN LUC BRUNEL's counsel and informed him of the subpoena.



4.  Counsel to JEAN LUC BRUNEL was not provided notice of the subpoena prior to its issuance as required under Rule 45 of the Federal Rules of Civil Procedure.

5.  As counsel to JEAN LUC BRUNEL was not provided notice of the issuance of the subpoena to Mr. Crutchfield and only learned of the subpoena from Mr. Crutchfield, counsel has now way to know if other subpoenas have been issued and served on other third-parties in this case without notice.

6.  Mr. Crutchfield filed an objection to the subpoena served on him as untimely and as interfering with the attorney/client privilege, a copy of which is attached hereto as *Exhibit B*.

## MEMORANDUM OF LAW

Rule 45 of the Federal Rules of Civil Procedure, which are adopted pursuant to 37 CFR §2.116 as the Rules of the U.S. Trademark and Appeal Board provides that: "Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." Rule 5(b) is the general rule for service of papers in a case other than the complaint. Accordingly, Petitioner was required to serve notice of the intended document production on counsel to JEAN LUC BRUNEL. No such notice was served.

It is well settled law that notice provisions of Rule 45 are mandatory such that failure to provide such notice is sanctionable. In *Mid-Atlantic Constructors, Inc. v. Stone & Webster Construction, Inc.*, 231 F.R.D. 465 (E.D. Pa., 2005), the Court granted sanctions against a party who failed to provide notice before service of a subpoena for production of documents. The purpose of the notice is to provide an opportunity for parties to object prior to the date of the production. *Alexander v. Raytheon Aircraft Company*, 220 F.R.D. 661 (D. Kan. 2004). As the rules now allow for attorneys to issue subpoenas without applying to the Court, the requirements

of Rule 45 must be followed to preserve the public confidence in the integrity of the court processes. *Murphy v. Board of Education*, 196 F.R.D. 220 (W.D.N.Y. 2000).

Petitioner served the subpoena on Mr. Crutchfield without prior notice to counsel to JEAN LUC BRUNEL. As such, the subpoena must be quashed and Petitioner must proceed in accordance with the Federal Rules of Civil Procedure. However, as notice has been served even now, there is now way for BRUNEL to determine if this is the only subpoena. As such, Petitioner was also be compelled to disclose what, if any, other subpoenas have been issued in this case and any subpoenas that have been issued without notice must be quashed and appropriate remedies granted to BRUNEL if any documents have already been produced pursuant to those subpoenas.

Finally, it must be noted that this is not an academic exercise in following the rules as BRUNEL has substantive objections to the subpoena served on Mr. Crutchfield. Mr. Crutchfield was BRUNEL's counsel in some of the transactions which are in dispute in the matter before the Trademark and Appeal Board. As such, there are substantial attorney/client and work product privilege issues which would need to be addressed prior to production of any documents from Mr. Crutchfield.

It is also relevant to this inquiry that Petitioner has sought documents from four third-parties in accordance with Rule 45 prior to Mr. Crutchfield, but has yet to make a document request to the party JEAN LUC BRUNEL. That is, Petitioner is seeking production of documents from counsel to a party prior to making an attempt to obtain the documents from the party. When this subpoena is properly issued, an objection will be raised to any production from Mr. Crutchfield when Petitioner has not followed the basic steps to determine if the documents can be obtained from the primary source: i.e., the opposing party.

Wherefore, JEAN LUC BRUNEL prays that the subpoena to Timothy Crutchfield be quashed, that Petitioner's counsel be ordered to disclose what other subpoenas he has issued, that all such subpoenas be quashed, and that if any documents have already been produced, that appropriate relief be afforded to JEAN LUC BRUNEL, that Petitioner be required to have all further subpoenas it may wish to have issued by this Court issued by the Clerk of the Court upon proof of proper notice, and such other relief as this Court may find just.

Respectfully submitted

**KOZLOWSKI LAW FIRM**
A Professional Association
Attorneys for Plaintiff
The Sterling Building
927 Lincoln Road, Suite 118
Miami Beach, Florida 33139
Tel: (305) 673-8988
Fax: (305) 673-8668

By: _____
**STEVEN ROBERT KOZLOWSKI**
Fla. Bar No. 0087890

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Quash Subpoena was served on Steven E. Eisenberg, Esq., and Erica W. Stump, Esq., Attorneys for Petitioner, Feldman Gale, P.A., 201 South Biscayne Boulevard, Miami Center-Suite 1920, Miami, FL 33131 by U.S. Mail this 10th day of March, 2006.

By: _____
**STEVEN ROBERT KOZLOWSKI**
Fla. Bar No. 0087890

# United States District Court
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ORIGINAL ACTION PENDING IN THE U.S. TRADEMARK TRIAL AND APPEAL BOARD

KARIN MODELS,
S.A.R.L.,
A Societa A Responsabilita
Limitata,
    Petitioner,

vs.

JEAN LUC BRUNEL,

    An Individual,
    Respondent.

SUBPOENA DUCES TECUM

3-6-06
11:13 a.m
MG
#1442

| TYPE OF CASE | SUBPOENA FOR corporation 30(b)(6) |
|---|---|
| [X] Civil   [ ] Criminal | [ ] Person  [X] Document(s) or Objects |

TO:    Timothy H. Crutchfield, Esq.
        The Ingraham Building
        Suite 1020
        25 S.E. 2nd Avenue
        Miami, FL 33131

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects). As set forth in Schedule "B."

| **PLACE:** Feldman Gale, P.A. 201 South Biscayne, Suite 1920 Miami, FL 33131 | **DATE:** March 7, 2006 **TIME:** 9:00 a.m. EST |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer's Signature and Title (Attorney for Plaintiff) | DATE: 2/28/06 |
|---|---|
| Issuing Officer's Name, Address and Phone Number Steven E. Eisenberg, Esq., Feldman Gale, P.A. Miami Center, 19th Floor, 201 South Biscayne Blvd., Miami, Florida 33131 (305) 358-5001/Fax (305) 358-3309 | |



## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE   SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECTED TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) If a subpoena
i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE "A"

## DEFINITIONS

Please note the following definitions.

1. a. The terms "Petitioner," "Propounding Party," and "KARIN MODELS, S.A.R.L" mean KARIN MODELS, S.A.R.L, its employees, principals, directors, managers, officers, owners, partners, agents, attorneys, other representatives, and any and all predecessor companies, and/or successors in interest thereof; all past or present divisions, subsidiaries, affiliates or parents of any of the foregoing entities; all past or present joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited partner; all past or present officers, directors, managers, owners, partners, employees and agents, including without limitation attorneys, accountants, auditors, consultants and other professional persons or experts, and any investigators or other person acting on behalf of, at the direction of, or under the control of any such person, of any of the foregoing persons or entities.

2. The terms "Respondent," JEAN LUC BRUNEL," mean JEAN LUC BRUNEL, his agents, attorneys, other representatives, and any and all predecessor companies and/or individuals, and/or successors in interest thereto including all persons in active concert or participation with him.

3. The term "Marks" means Registrant's United States trademark registration numbers 2,114,051 and 2,115,957 for KARIN® and KARIN MODELS® (and Design) and US Serial Numbers 78/592,000 and 78/592,008 for KARINUSA and KARIN OF AMERICA.

4. The term "Respondent's Goods and Services" shall refer to any and all products or services which are, have been, will be, or are intended to be offered for sale, distributed or sold by Respondent and that bear the Marks, including but not limited to the goods set forth in the recitation of goods and services in Respondent's United States trademark registrations, 2,114,051 and

3

2,115,957.

5. "PTO" means the United States Patent and Trademark Office

6. "U.S." means United States of America.

7. The term "document" is used herein in its customary broad sense as defined in Fed.R.Civ.P., Rule 34(a)(1), and includes, without being limited to, the original and all copies (carbon, photocopy, photographic, microfilm, or otherwise) of any advertising or promotional material (including, without limitation, art work, copies of drafts thereof, proofs, tear sheets, scripts, storyboards, etc.), brochures, business cards, travel tickets, lodging confirmations, lists of customers, lists of customer inquires, rate schedules, letters, correspondence, customer or other complaints, books, journals, ledgers, working papers, invoices, contracts, purchase orders, estimates, reports memoranda, interoffice or other communications, records, studies, appraisals, papers, charts, recordings of or memoranda of any conversation (by telephone or otherwise), meeting or conference, or any other writing however produced or reproduced; all other handwritten, typed, printed, or otherwise visually or aurally reproduced materials, whether copies or originals, including, but not limited to, letters, cables, wires, memoranda and interoffice or other communications; reports, notes, minutes and recordings; drawings blueprints, sketches, charts, photographs, microfilm records, data compilations and movies, copyright, copyright registration applications, patents, trademarks, patent applications, trademark applications, assignments, contracts, agreements, licenses and other official documents and legal instruments; published material of any kind, annual reports, reports to shareholders and minutes or reports of meetings of directors or executive boards or committees; advertising or promotional literature and press release; engineering notebooks and data; and ledgers, bills, orders, books, records, disc drives, files and email that are in your possession, custody or control.

8. "Or" means "and/or"; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope.

9. The terms "relating to" or "concerning" means with respect to, referring to, relating to, substantiating, supporting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part.

10. The term "identify" when used in reference to any individual person means to state his or her full name, present or last known address, and his or her present or last known employment position and business affiliation. When used in reference to a person other than an individual person, "identify" means to state whether such person is a corporation, partnership or other entity, and its name, present or last known address and principal place of its business.

11. The term "person(s)" refers to both natural persons and to corporate or other business entities, partnerships, groups, associations, governmental entities, or other organizations.

12. The terms "communication" or "communications" refers the act or fact of transmitting information, whether by correspondence and/or any oral or written exchange of words, thoughts or ideas to another person(s), whether via a telephone line, computer media, meeting or any occasion of joint or mutual presence, as well as the transmittal of any document from one person to another, including without limitation any tape recordings or any writings, printed, typed, handwritten, or other readable documents, correspondence, facsimiles, memos, report, contracts, diaries, logbooks, minutes, notes, studies, surveys, and forecasts.

5

## SCHEDULE "B"

## DOCUMENTS TO BE PRODUCED

Please produce the original or copies of the following documents (the term "documents" shall include all records, books of account, worksheets, checks, instructions, specifications, manuals, reports, books, periodicals, pamphlets, publications, raw and refined data, memoranda, graphs, drawings, notes, lab books, advertisements, lists, studies, meeting minutes, working papers, transcripts, magnetic tapes or discs, punch cards, computer printouts, letters, correspondence, agreements, drafts of agreements, telegrams, electronic mail (e-mail), drafts, proposals, recommendations, and any other data recorded in readable and/or retrievable form, whether typed, handwritten, reproduced, magnetically recorded, coded, or in any other way made readable or retrievable):

1. All documents relating to the filing of the assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

2. All documents relating to the filing of the assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

3. All documents received from Respondent relating to the assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

4. All documents received from Respondent relating to the assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

5. All documents received from all and any third parties relating to the assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

6.  All documents received from all and any third parties relating to the assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

7.  All drafts of documents relating to the assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

8.  All drafts of documents relating to the relating to the assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

9.  All notes exchanged with Respondent relating to the assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

10. All notes exchanged with Respondent relating to the assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

11. All mail and electronic mail exchanged with Respondent relating to the assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

12. All mail and electronic mail exchanged with Respondent relating to the assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

13. All records of telephone conversations with Respondent relating to the assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

14. All records of telephone conversations with Respondent relating to the assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

7

15. All advisory reports given to Respondent relating to the assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

16. All advisory reports given to Respondent relating to the assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

17. All records of any and all communication with Respondent relating to the assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

18. All records of any and all communication with Respondent relating to the assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

19. Any and all promissory notes executed by Respondent relating to assignment of the Trademark KARIN, Registration No. 2,114,051 to Respondent dated November 18, 1997.

20. Any and all promissory notes executed by Respondent relating to assignment of the Trademark KARIN MODELS (and Design), Registration No. 2,115,957 to Respondent dated November 25, 1997.

21. All corporate records relating to the Resolution of Shareholders by Written Consent Regarding Payment of Amounts Due Jean Luc Brunel, dated on or about December 29, 2003.

22. All corporate records relating to the dissolution of Models Management Group Partnership.

23. All corporate records relating to the dissolution of Models Management Group, Inc.

24. All corporate records relating to the withdrawal from Partnership and dissolution of Partnership.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ORIGINAL ACTION PENDING IN THE U.S. TRADEMARK TRIAL AND APPEAL BOARD

KARIN MODELS, S.A.R.L.,
A Societa A Responsabilita
Limitata,

    Petitioner,

vs.

JEAN LUC BRUNEL,
    An Individual,

    Respondent

_____

## TIMOTHY H. CRUTCHFIELD'S
## OBJECTION TO SUBPOENA DUCES TECUM

Timothy H. Crutchfield ("Crutchfield"), who is not a party to the above-styled matter, was served with a Subpeona Deces Tecum on March 7, 2006, demanding the production of twenty-four categories of documents on the following day, March 8, 2006, and he objections to the subpoena pursuant to Federal Rule of Civil Procedure 45(c) on the following grounds:

1. Crutchfield was not provided sufficient time to respond to the subpoena where it was served the day before the date of production demanded in the subpoena.

2. Furthermore, the requested documents are subject to the attorney/client and attorney work product privileges. Crutchfield is a licensed attorney in the state of Florida who provides legal representation to Jean Luc Brunel, and the documents requested in the subpoena consist of privileged



communications between Mr. Brunel and his attorney as well as attorney work product files relating to the legal services Crutchfield provided Mr. Brunel.

Respectfully Submitted,

TIMOTHY H. CRUTCHFIELD, ESQ.
*Pro Se*
1401 Brickell Ave.
Suite 1000
Miami, Florida 33131
Phone: 305-577-1054
Fax: 305-577-9712
Florida Bar No. 621617

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing was served by fax and U.S. mail this 6th day of March, 2006, upon Steven E. Eisenberg, Esq., Feldman Gale, P.A., Miami Center, 19th Floor, 201 South Biscayne Blvd., Miami, Florida 33131; and Steven Robert Kozlowski, Kozlowski Law Firm, P.A., The Sterling Building, 927 Lincoln Road, Suite Suite 118, Miami Beach, Florida 33129.

TIMOTHY H. CRUTCHFIELD, ESQ.

# CIVIL COVER SHEET

*JS 44 (Rev. 11/05)*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Karin Models, S.A.R.L.

### DEFENDANTS
Jean-Luc Brunel

06-20634 CIV-SEITZ

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steven E. Eisenberg, Esq.
Feldman Gales, P.A., 201 South Biscayne Blvd., Suite 1920.
Miami, FL 33131   (305) 358-5001

Attorneys (If Known)
Steven Robert Kozlowski, Esq. 927 Lincoln Rd., #118
Miami Beach, FL 33139   (305) 673-8988

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☑ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  |  ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
Motion to quash a subpoena issued from Southern District U.S. Court pursuant to Rule 45 of Federal Rules of Civil

LENGTH OF TRIAL via 0 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE

FOR OFFICE USE ONLY
AMOUNT $39.00   RECEIPT # 93662   IFP

03/14/06